NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 07-CV-57-GFVT

ALBERT JULIUS GRIEBE, JR.                                        PETITIONER

VS:               **MEMORANDUM OPINION AND ORDER**

WARDEN RIOS                                                           RESPONDENT

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Albert Julius Griebe, Jr. was incarcerated at the United States Penitentiary-Big Sandy ("USP-Big Sandy"), in Inez, Kentucky, when he filed the instant *pro se* petition for writ of habeas corpus [Record No. 2], pursuant to 28 U.S.C. §2241, and paid the district court filing fee.

This matter is before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). During screening, the allegations in the petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

As Petitioner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

ALLEGATIONS AND CLAIMS

The petitioner has submitted a form petition commonly used by federal prisoners for filing petitions pursuant to 28 U.S.C. §2241.

The petitioner begins with minimal information about his current incarceration. He states that he pleaded guilty to bank robbery, pursuant to a plea agreement, in the United States District Court for the Southern District of Iowa in Des Moines, Case No. 02-CR-267, and in July of 2003, he was sentenced to 187 months' imprisonment and 2 years of supervised release. Petitioner alleges that he did not appeal or file a collateral challenge to that conviction or sentence because the plea agreement barred him from doing so. He gives no further information about that conviction or sentence.

Griebe provides more information on a prior conviction. He attaches to his petition a copy of an earlier indictment against him, in the United States District Court for the Western District of Wisconsin. It reveals that the grand jury charged him with a drug offense in April of 1994. The petitioner also attaches a copy of the outcome of that charge in *United States v. Griebe*, Jr., Case No. 1:94-CR-36. The Judgment entered on September 29, 1994, shows that he was convicted of conspiracy to possess with intent to distribute marijuana and that the sentence imposed was 12 months' imprisonment and 2 years of supervised release.

As to his legal claim herein, Griebe writes that he is challenging his current sentence and that his claim is that the "prior drug conviction does not meet criteria for career criminal enhancement." He explains that the 1994 drug sentence was for only 12 months, and in order for a prior sentence to be used for sentence enhancement purposes, the prior sentence must have been at least one year and one day long.

The Court construes this petitioner's claim to be that in the 2003 bank robbery case his sentence was enhanced, based on the 1994 drug conviction; that the sentence enhancement was erroneous, because the prior sentence was not long enough to qualify for enhancement purposes;

2

and he has come to this Court for habeas relief, pursuant to 28 U.S.C. §2241, because the plea agreement bars him from bringing this claim in a motion to the trial court via an appeal or a motion pursuant to 28 U.S.C. §2255.

## DISCUSSION

The general rule is that 28 U.S.C. §2255 relates to conviction and imposition of sentence and such issues must be brought before the trial court. A petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 is to be brought in the district where a petitioner is incarcerated and may only challenge execution of sentence, such as the computation of parole or sentence credits. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979).

Because the instant petitioner's claim relates to the enhanced sentence imposed by the trial court and does not relate to how his sentence is being executed, his claim is not ordinarily cognizable for this Court under 28 U.S.C. §2241. *See United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

There is an exception to the general rule, however, which the instant petitioner may be trying to use, and so the Court will examine the exception. 28 U.S.C. §2255, in the fifth paragraph, commonly called the "savings clause," provides an instance when a district court in the place of incarceration may address the merits of a §2255 claim under its 28 U.S.C. §2241 jurisdiction. In the words of the savings clause, §2241 may be used if the petitioner makes a threshold showing that "the remedy by [§2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255, ¶5; *Cohen v. United States*, 593 F.2d at 770-71.

In *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999), and in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the appellate court in this circuit set out the standard which would qualify as the showing necessary for a §2241 petitioner who wishes the Court in the district of his/her confinement to entertain a challenge to a conviction or sentence which would ordinarily be brought to the trial court pursuant to §2255.

First, a petitioner must demonstrate that his remedy under §2255 is truly "inadequate" or "ineffective," and neither an earlier unsuccessful §2255 motion nor a time bar will meet this standard. *Charles*, 180 F.3d at 757. Section 2241 is also not a "catch all" remedy. *Id.* at 758. Therefore, a petitioner's having slept on his claim or having waived the right to bring it will not have §2241 as a vehicle to save himself later.

To date, the Sixth Circuit has concluded that Section 2255 is an "inadequate and ineffective" remedy in only one circumstance: where the petitioner presents a viable claim of "actual innocence." *See Truss v. Davis*, 2004 WL 2203581, *2 (6th Cir. 2004). Technical or procedural errors committed during the course of trial or sentencing cannot provide the basis for an "actual innocence" claim. Rather, the "actual innocence" must be "factual innocence."

Factual innocence must be predicated upon a Supreme Court decision, decided after the petitioner's conviction became final, which interprets the criminal statute under which he was convicted in a materially different manner than that prevailing at the time of his conviction. *Martin*, 319 F.3d. at 804; *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause").

In other words, a petitioner may use Section 2241 to challenge his conviction only where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin*, 319 F.3d at 804 ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of §2255 and proceed under §2241.").

In the instant case, the petitioner fails to carry his burden of demonstrating the threshold components which must be established for this Court to entertain his §2255 claim under its §2241 jurisdiction. Petitioner had an opportunity to raise this claim at the time of sentencing, and he could have also raised it on appeal or in a §2255 motion had he himself not waived his rights to do so. Even had Griebe not waived his §2255 rights, however, his claim does not spring from a Supreme Court opinion, handed down after his sentencing, which defines the conduct for which he was convicted as non-criminal conduct. *See Martin*, 319 F.3d at 805.

Therefore, this petition for a writ of habeas corpus pursuant to §2241 must be denied.

## CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1)  Petitioner Albert Julius Griebe's petition for a writ of habeas corpus is **DENIED**;

(2)  this action will be **DISMISSED**, *sua sponte*, from the docket of the Court; and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This the 13th day of June, 2007.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge